PER CURIAM.
This cause is before us on appeal from orders denying appellant’s motion to intervene in proceedings on the application of appellee Citizens First Bank of Ocala [Citizens] under Florida Statutes Chapter 659 for a bank charter, and orders entered subsequent thereto. The question presented is whether lack of formal notice and service on appellant Sun Bank [Sun] vitiates the proceedings leading to the approval of Citizens’ application. We hold that Sun was not a party, that service on Sun was not required, and further, that actual knowledge of principals of Sun Bank of the proceedings for many months prior to the attempt to intervene, forecloses Sun’s rights in this regard.
Sun was served as a “substantially affected party” with notice of the public hearing held pursuant to Rule 3-3.42, F.A.C., Supp. # 70 at 237. Representatives of Sun attended and participated in that public hear *185 ing. As a substantially affected party, Sun was entitled, and had ample opportunity, to file a protest[1] to Citizens’ application, but failed to do so and did not become a party as defined under Florida Statute § 120.-52(1).
Accordingly, the order below is AFFIRMED.
SMITH, Acting C. J., and MELVIN and BOOTH, JJ., concur.

. Compare, Gadsden State Bank v. Lewis, 348 So.2d 343 (Fla.1st DCA 1977).